UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
JAMES RHEE,                                                  :
                                                             :
                    Plaintiff,                               :
                                                             :                 12-cv-8508 (NSR)
          -against-                                          :
                                                             :              OPINION & ORDER
GOOD SAMARITAN HOSPITAL; KEITH                               :
CARTMILL, M.D., personally; SCOTT                            :
MANKOWITZ, M.D., personally; JANE DOE #2,                    :
personally;                                                  :
                                                             :
                                                             :
                    Defendants.                              :
                                                             :
------------------------------------------------------------ X

NELSON S. ROMÁN, United States District Judge

Plaintiff James Rhee brings this action *pro se* and *in forma pauperis* for alleged civil

rights violations arising from his involuntary commitment at Summit Park Hospital in August

2011.  Defendants Good Samaritan Hospital and Jane Doe 2 (collectively, the "Good Samaritan

Defendants"), Keith Cartmill, M.D., and Scott Mankowitz, M.D. move to dismiss the complaint

pursuant to Fed. R. Civ. P. 41(b).

I.        **Background**

Plaintiff filed his complaint on November 19, 2012, and his application to proceed *in*

*forma pauperis* was granted on November 29, 2012. (Order Granting IFP Application, ECF No.

4.) An Order of Service was issued by the Honorable Edgardo Ramos on December 3, 2012,

requiring Plaintiff to serve the Summons and Complaint within 120 days. (Order of Service,

ECF. No. 7.) In February and March of 2013, attempts at service were made on all Defendants

but were unsuccessful as to Dr. Cartmill and Dr. Mankowitz. Plaintiff requested an extension of

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/9/2015

time for service, which Judge Ramos granted on May 16, 2013. (Endorsed Letter, ECF No. 25.)

The case was then reassigned to this Court in July of 2013. Plaintiff again requested an extension of time for service, and the Court granted his request, extending time to serve the Summons and Complaint until October 14, 2013. Dr. Cartmill was finally served on December 12, 2013. At this point, Dr. Mankowitz was the only defendant who had not been properly served.

The Court held an initial conference on May 2, 2014, in which a briefing schedule, case discovery plan, and scheduling order were set. The Court assigned the case to Honorable Lisa M. Smith for general pretrial. Though Plaintiff appeared at the May 2 conference, he was 25 minutes late. At this conference, Plaintiff was made aware of the dates set in the scheduling order, including the conference set for May 8, 2015.

On August 21, 2014, Defendants Lara R. Gates, Summit Park Hospital, Vahan Kouyoumdjian M.D., Young Yoon M.D. filed a motion to dismiss. (Motion to Dismiss, ECF No. 42.) Also on August 21, 2014, Defendant Keith Cartmill M.D. filed a motion to dismiss. (Motion to Dismiss, ECF No. 50.) On August 28, 2014, Good Samaritan Hospital and Jane Does 1 and 2 filed a motion to dismiss. (Motion to Dismiss, ECF No. 59.) On September 12, 2014, the Court noted that Plaintiff had not responded to Defendants' motions. The Court issued an order directing Plaintiff to oppose Defendants' motions to dismiss within 30 days.

At this point, Dr. Mankowitz still had yet to be served. In Plaintiff's September 7, 2014, letter to the Court, Plaintiff stated, "Mankowitz has not been served and I ask the court to serve his attorney at this time." (Pl.'s Letter, ECF No. 65.) As of October 2014, two unsuccessful attempts had been made to serve Dr. Mankowitz. The Court granted two additional extensions of time for service and ordered counsel for Dr. Mankowitz to provide a proper address for service

of the Summons and Complaint. (Endorsed Letter, ECF No. 25; Order, ECF No. 69.) Plaintiff

finally effected service as to Dr. Mankowitz on October 8, 2014.

A pre-motion conference was held on December 17, 2014, at which time Dr. Mankowitz

was given a briefing schedule for his motion to dismiss. Plaintiff failed to appear at this

conference. The motion on behalf of Dr. Mankowitz was subsequently served and filed.

As of March 30, 2015, Plaintiff had not yet submitted opposition to any of Defendants'

motions.  The Court granted Plaintiff four extensions giving him a total of 196 days to do so.

(*See* ECF Nos. 39, 65-66, 73-74, 82.)  In granting the last of those extensions, the Court noted:

"No further extensions will be granted.  If the Court does not receive Plaintiff's opposition to

Defendants' motions to dismiss by January 5, 2015, it will issue a decision accordingly."  (ECF

No. 82.) Plaintiff did not submit any papers in opposition, and the Court granted in part and

denied in part Defendants' motions to dismiss on March 30, 2015. (Opinion & Order, ECF No.

95.) After this opinion, only the Good Samaritan Defendants, Dr. Cartmill, and Dr. Mankowitz

remain.

A status conference was scheduled before Judge Smith for April 29, 2015, which Plaintiff

failed to attend. The court attempted to call Plaintiff but was unsuccessful. A week later, on May

8, 2015, this Court held a status conference. Once again, Plaintiff failed to appear, despite having

knowledge of the conference for over a year.

Plaintiff was then notified by Certified and regular mail that motions to dismiss for

failure to prosecute will be mailed by May 22, 2015 and that Plaintiff must respond by June 15,

2015. As of June 23, 2015, counsels for Defendants and this Court had not received any

opposition papers, so Defendants filed the current unopposed motions to dismiss for lack of

prosecution on June 24 and 25, 2015. (Motions to Dismiss, ECF Nos. 101 and 104.) As of the

date of this opinion, Plaintiff has not responded to these motions.

## II.    Legal Standard

Dismissal for failure to prosecute is governed by Rule 41(b) of the Federal Rules of Civil

Procedure. The Rule states, "If the plaintiff fails to prosecute or to comply with these rules or a

court order, a defendant may move to dismiss the action or any claim against it. Unless the

dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an

adjudication on the merits." Fed. R. Civ. P. 41(b). "The 'primary rationale' for dismissal

pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'"

*Gonzalez v. Comm'r of Social Security*, No. 09 Civ. 10179(RJS), 2011 WL 2207574, at *1

(S.D.N.Y. June 2, 2011).

Dismissal is a "harsh" remedy that should be imposed only in the most "extreme"

situations. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The decision to dismiss pursuant

to Rule 41(b) is left to the discretion of the district court. *See Nita v. Connecticut Dep't of Envtl.*

*Protection*, 16 F.3d 482, 485 (2d Cir. 1994). There are several factors that a district court should

consider in determining whether to dismiss a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether
> plaintiff was on notice that failure to comply would result in dismissal, (3) whether
> the defendants are likely to be prejudiced by further delay in the proceedings, (4) a
> balancing of the court's interest in managing its docket with the plaintiff's interest
> in receiving a fair chance to be heard, and (5) whether the judge has adequately
> considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d 532, 535 (2d Cir. 1996). "Generally, no one factor is dispositive." *Shannon v.*

*Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (citation omitted). "[W]hile pro se litigants may

in general deserve more lenient treatment than those represented by counsel, all litigants,

including pro ses, have an obligation to comply with court orders. When they flout that

4

obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

### III.   Discussion

After weighing each of the five factors noted above, the Court determines that dismissal is proper. The first factor looks to the length of time that Plaintiff has failed to comply with the Court's order. In this case, it has been almost a year since Plaintiff's most recent failure to comply with the Court's order to oppose the first motion to dismiss.  Plaintiff caused this case to sit idle for more than six months while Defendants' motions to dismiss were pending. Since then, this case has not progressed for another 6 months due to Plaintiff's failure to respond or appear for conferences as directed by the Court. *See Chira v. Lockheed Aircraft Corp*., 634 F.2d 664, 665 (2d Cir. 1980) (failure to take any action during six month period justified dismissal under Rule 41(b)).

On this most recent motion, Plaintiff was notified of his obligation to oppose as of May of this year. Thus, Plaintiff has now failed to respond to two rounds of motions to dismiss, causing significant delay in this case. "[A]ll litigants, including pro se litigants, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Baba v. Japan Travel Bureau Int'l, Inc*., 165 F.R.D. 398, 402 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997) (quoting *McDonald*, 850 F.2d at 123) (internal quotation marks omitted).

The second factor asks whether Plaintiff is on notice that failure to comply will result in dismissal. Twice Plaintiff was notified of the consequences of his failures. (*See* Notices, ECF Nos. 82 and 107.) In the most recent notice in May of this year, Plaintiff was warned that, "THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A

TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME." (Notice, ECF No. 107.) This warning appears on the first page of the correspondence sent to Plaintiff, in capital letters. Plaintiff was certainly on notice that his failure to comply would risk dismissal of his action.

Considering the other factors, the Court concludes that dismissal for failure to prosecute is warranted here. This case was filed in November 2012 and has not moved forward in over 6 months, solely due to Plaintiff's failure to respond to the Court or take any action to further the course of the litigation. In fact, Plaintiff has not appeared before the Court or corresponded with the Court or the parties since December of 2014. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Virola v. Entire GRVC Dep't of Mental Health Hygeine Servs.*, No. 12 CIV. 1005 ER, 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (quoting *Hibbert v. Apfel,* No. 99 Civ. 4246(SAS), 2000 WL 977683, at *3 (S.D.N.Y. Jul. 17, 2000)).

For this and all of the foregoing reasons, Defendants' motions are GRANTED.

## IV.    Conclusion

Accordingly, Defendants' motions to dismiss for failure to prosecute are GRANTED. The Clerk of the Court is respectfully requested to terminate these motions (ECF Nos. 101 and 104) and close this case.

Dated:    October 9, 2015
          White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge